IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00080-GPG

JAHEEM RASHON MARCUS ANTHONY HILTS,

    Plaintiff,

v.

MENTAL HEALTH PARTNERS OF BOULDER,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jaheem Rashon Marcus Anthony Hilts, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Hilts is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Hilts will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Complaint is deficient. First, Mr. Hilts fails to provide an address for himself or any of the Defendants. Mr. Hilts must provide a complete address for each Defendant so that they may be served properly.

The Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hilts fails to provide a short and plain statement of the grounds for the court's jurisdiction because he does not list any statutory authority for his claims in the jurisdiction portion of the Complaint.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Mr. Hilts must identify the statutory authority that allows the court to consider the claims he is asserting in this action.

Mr. Hilts also fails to provide a short and plain statement of his claims showing

he is entitled to relief. His vague assertions that he has been hospitalized because of a text message sent by his brother do not satisfy the pleading requirements of Rule 8. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Hilts must file an amended complaint. Mr. Hilts must identify, clearly and concisely, the specific claims he is asserting and the statutory authority that allows the court to consider those claims, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Hilts file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Hilts shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hilts fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 14, 2015, at Denver, Colorado.

                                          BY THE COURT:

                                          S/ Gordon P. Gallagher

                                          United States Magistrate Judge